# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

CERTAIN UNDERWRITERS AT LLOYDS LONDON,
SUBSCRIBING TO CERTIFICATE NUMBER LCL002360

PLAINTIFF

V.

DAVID ARDARY
d/b/a JD'S SANDWICH SHOP AND BAR;
BILMAR STATION III, INC.
d/b/a BILMAR STATION'S 19TH HOLE;
KELLEY THEBEAU,
d/b/a JIM'S INN,
and JAMES FRANKLIN HALL

DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the plaintiff, Certain Underwriters at Lloyds London, Subscribing to Certificate Number LCL002360 (herein after referred to as Underwriters) by and through counsel of record, and pursuant to 28 U.S.C.A. §2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint for Declaratory Judgment and for cause of action with the state as follows:

### JURISDICTION AND VENUE

1. Certain Underwriters at Lloyds London is a foreign entity located and organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

2. Defendant David Ardary d/b/a JD's Sandwich Shop and Bar is a restaurant/bar and sole proprietorship owned by David Ardary with a principal place of business located at 670 East 22nd Street, Cookeville, Tennessee 38501.

3. Bilmar Station III, Inc. d/b/a Bilmar Station's 19th Hole is a Tennessee corporation operating a restaurant and bar at 1068C East 10th Street, Cookeville, Tennessee 38501 and may be served with process through its requested agent William Connell at 433 South Jefferson Avenue, Cookeville, Tennessee 38501.

4. Defendant Kelley Thebeau d/b/a Jim's Inn is a restaurant or bar and sole proprietorship owned by Kelley Thebeau with a principal place of business located at 564 East Spring Street, Cookeville, Tennessee.

5. Defendant James Franklin Hall is a citizen and resident of Crossville, Cumberland County, Tennessee.

6. Jurisdiction is proper pursuant to 28 U.S.C.A. §1332. Furthermore, the amount of controversy exceeds the sum or value of $75,000.00 exclusive of interest costs.

7. Venue is proper in this court pursuant to 28 U.S.C.A. §1391.

## FACTS

8. A Commercial General Liability Insurance policy bearing policy number LCL002360 (hereinafter referred to as "the policy") existed between Underwriters and David Ardary d/b/a JD's Sandwich Shop and Bar as the insured. The policy of insurance was in full force and effect from November 11, 2008 until November 11, 2009. The policy covered defendant David Ardary d/b/a J.D.'s Sandwich Shop and Bar from November 11, 2008 to November 11, 2009, for bodily injury and property damage claims to the extent of the policy limits and subject to all terms and conditions, as well as exclusions and

endorsements of the policy. A certified copy of the policy with the applicable declaration page is attached hereto as Exhibit "A" and incorporated herein by reference.

9. The Commercial General Liability Part Declarations of the insurance policy issued to David Ardary d/b/a JD's Sandwich Shop and Bar provides that it is classified as a restaurant with sales of alcoholic beverages.

10. At all relevant times David Ardary d/b/a/ JD's Sandwich Shop and Bar was a restaurant and bar that sold and/or served and/or furnished alcoholic beverages in the course of business.

11. James Franklin Hall filed a lawsuit against defendants David Ardary d/b/a J.D.'s Sandwich Shop, Bilmar Station III, Inc. d/b/a Bilmar Station's 19th Hole and Kelley Thebeau d/b/a Jim's Inn in the Circuit Court of Putnam County, Tennessee, Docket #10140060 seeking damages for personal injuries allegedly sustained in a motor vehicle accident which occurred on March 9, 2009.

12. Mr. Hall alleges in his lawsuit that Richard Livesay attempted to make a left turn across traffic into the path of the motorcycle which Mr. Hall was operating thereby causing a collision between Livesay's vehicle and the motorcycle being operated by Mr. Hall.

13. Mr. Hall alleges in his lawsuit that Richard Livesay was intoxicated and had consumed alcoholic beverages at JD's Sandwich Shop and Bar prior to the accident with Mr. Hall.

14. The underlying lawsuit filed by Mr. Hall alleges that Mr. Livesay was obviously intoxicated when he was served and/or consumed alcoholic beverages at JD's Sandwich Shop and Bar (a true and correct copy of the lawsuit is attached to as Exhibit "B" and incorporated herein and by reference.)

15. Mr. Hall alleges that as a result of the motor vehicle accident he has sustained damages including fractures of the left ankle and leg, left leg compartment syndrome, medical and hospital expenses, pain and suffering, loss of income and earning capacity Mr. Hall seeks compensatory and punitive damages.

16. Defendant David Ardary d/b/a JD's Sandwich Shop and Bar has requested indemnification and a defense under the policy of insurance issued by Underwriters concerning the underlying lawsuit filed by James Hall. Underwriters is currently providing a defense to defendant David Ardary d/b/a JD's Sandwich Shop and Bar under a reservation of rights.

17. Underwriters alleges the policy does not afford coverage to David Ardary d/b/a JD's Sandwich Shop and Bar for any claims brought by James Hall nor would Underwriters have any duty to defend the lawsuit filed by James Hall.

18. The policy of insurance provides in pertinent part as follows:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION 1 – COVERAGES

COVERAGE BODILY INJURY AND PROPERTY DAMAGE

LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

19. The policy of insurance contains a Liquor Liability exclusion barring coverage under the policy as follows:

COMMERCIAL GENERAL LIABILITY CONVERAGE FORM

Section 1 – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

2. Exclusions

This Insurance does not apply to:

c. Liquor Liability

"Bodily Injury" or "property damage" for which any insured or his indemnities may be held liable by reason of:
    (1) Causing or contributing to intoxication of any person;
    (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
    (3) Any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

20. The policy contains an exclusion concerning punitive damages as well as expected or intended injury in COMBINATION ENDORSEMENT – 1 GL041 – GL (11/06) to the Commercial General Liability part of the policy which bars coverage. The endorsement states as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

COMBINATION ENDORSEMENT – 1

This endorsement modifies insurance provided under the following:

COMMERCIAL GERNEARL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

2. EXCLUSION – EXPECTED OR INTENDED INJURY AND ASSAULT OR BATTERY

Exclusion a. of Coverage A (Section I) is deleted and replaced with the following:

"Bodily Injury" or "property damage":

(1) expected or intended from the standpoint of any insured;

(2) arising out of assault or batter, or out of any act or omission in connection with assault or battery, or with the prevention or suppression of an assault or batter; or

(3) arising out of charges or allegations of negligent hiring, training, placement or supervision with respect to (1) or (2) above.

3. EXCLUSION – PUNITIVE DAMAGES

This insurance does not apply to any claim or indemnification for punitive or exemplary damages. If a suit seeking both compensatory and punitive or exemplary damages has been brought against you for a claim otherwise within the coverage provided by this policy, we will provide a defense for such action. We will not have any obligation to pay for any costs, interests or damages attributable to punitive or exemplary damages.

DECLARATORY JUDGMENT

COUNT I – LIQUOR LIABILITY EXCLUSION

21. Underwriters incorporate each and every one of the preceding paragraphs as if specifically and fully set forth herein.

22. The claims brought against David Ardary d/b/a JD's Sandwich Shop and Bar by Mr. James Hall arise out of the sale and/or furnishing of alcoholic beverages to an obviously intoxicated person by David Ardary d/b/a JD's Sandwich Shop and Bar, its agents or employees.

23. All claims and damages brought against David Ardary d/b/a JD's Sandwich Shop and Bar by Mr. Hall are specifically excluded from coverage under the policy pursuant to the Liquor Liability Exclusion.

24. Underwriters request this Court declare that there is no coverage under the policy for these claims or any other claims by Mr. Hall pursuant to the Liquor Liability Exclusion.

## COUNT II – PUNITIVE OR EXEMPLARY DAMAGES

25. Underwriters incorporate each and every one of the preceding paragraphs as if specifically and fully set forth herein.

26. The underlying lawsuit filed by Mr. Hall seeks punitive damages against David Ardary d/b/a JD'S Sandwich Shop and Bar.

27. The policy's exclusion concerning punitive damages specifically bars coverage for such damages / allegations.

28. Underwriters request that this Court declare there is no coverage under the policy for these claims/damages.

## COUNT III – INTENTIONAL BEHAVIOR OR INTENDED INJURY

29. Underwriters incorporate each and every one of the preceding paragraphs as if specifically and fully set forth herein.

30. The lawsuit filed by Mr. Hall alleges that David Ardary d/b/a JD's Sandwich Shop and Bar was aware of but consciously disregarded a substantial and unjustifiable risk of such a nature that its disregard constituted a gross deviation from the standard of care under all the circumstances.

31. The policy's exclusion regarding Expected or Intended Injury specifically precludes coverage for such damages.

32. Underwriters requests this Court declare there is no coverage under the policy for these damages/claims.

33. Accordingly an actual controversy exists between Underwriters and Defendant, David Ardary d/b/a JD's Sandwich Shop and Bar with the respect to (1) whether the policy provides insurance coverage to Defendant David Ardary d/b/a JD's Sandwich Shop and Bar in connection with the lawsuit filed by Mr. Hall and (2) whether Underwriters has a duty to defend defendant David Ardary d/b/a JD's Sandwich Shop and Bar in the lawsuit filed by Mr. Hall.

34. Underwriters seek Declaratory Judgment for the following: (1) To clarify the parties rights; (2) To afford Underwriters early adjudication; (3) To avoid accrual of avoidable damages and costs.

35. Underwriters request that the court declare that there is no coverage under the policy for the claims and damages in the underlying lawsuit filed by Mr. Hall according to the terms of the policy.

WHEREFORE, premises considered Underwriters request that declaratory judgment be entered in its favor (1) declaring that the policy of insurance provides no coverage for claims in the lawsuit by James Hall; (2) declaring that it has no duty to defend or indemnify David Ardary d/b/a JD's Sandwich Shop and Bar under the policy in connection with the lawsuit and claims brought by defendant James Hall; and (3) for any and all other relief to which it may be entitled.

Respectfully submitted,

THE HARDISON LAW FIRM, P.C.

BY: _____
CHRISTOPHER H. CRAIN, #19900
Attorney for Plaintiff
119 South Main Street, Suite 800
Memphis, Tennessee 38103
(901) 525-8776